GEORGE B. WARD, Respondent, *v.* PATRICK A. POWERS, Appellant.

First Department, April 4, 1924.

Conversion — plaintiff must prove title in himself — defendant not liable for conversion of corporate stock which he had agreed to but had not delivered.

A plaintiff is not entitled to recover for the conversion of corporate stock which the defendant had agreed to deliver to him in part payment for services unless plaintiff proves title in himself, and this he cannot do without showing not only that the stock was transferred to his name but that a due delivery had been made of the certificate; proof that the defendant promised to deliver a certificate for the stock and failed so to do is insufficient.

APPEAL by the defendant, Patrick A. Powers, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of January, 1923, upon the verdict of a jury, and also from an order denying defendant's motion for a new trial made upon the minutes.

*Ingraham, Sheehan & Moran* [*Alfred R. Page,* of counsel; *M. E. Burke* with him on the brief], for the appellant.

*H. Randolph Guggenheimer* [*Isidore Siegeltuch* of counsel], for the respondent.

FINCH, J.:

This action is in conversion, the complaint alleging that the plaintiff was the owner and entitled to the immediate possession of 312 shares of stock of which defendant was in possession and refused to deliver on demand.

It appears that the plaintiff and the defendant entered into an agreement whereby the plaintiff was to be employed by a corporation about to be organized and to receive a salary of sixty dollars per week, and in addition an equivalent amount of stock, having a nominal value of ten dollars a share, so that the plaintiff was entitled to 6 shares per week or 312 shares per year. The

plaintiff commenced work in July, 1918, as the general superintendent of the corporation, of which the defendant is president. On May 28, 1919, the defendant requested the corporation's transfer agent to issue 312 shares of stock of the company in the plaintiff's name, which was done, and the stock obtained by the secretary of the corporation and forwarded to the assistant secretary of the company, together with a notification that under the resolution of the board of directors of the corporation, and under the Stock Corporation Law,* issuance of the stock was prohibited except for value, as the services for which the stock was issued had not yet been rendered in full (the plaintiff not having at that time worked one year). The certificate was held in the safe of the corporation from its preparation continuously, instead of being delivered to the plaintiff. It appears that the transfer agent, not having been advised of the non-delivery of the stock, sent to plaintiff a dividend thereon. It is this certificate of stock the defendant is charged with converting.

It appears that when the defendant learned that under a resolution of the board of directors and the Stock Corporation Law an issue of stock was invalid, except for value, the defendant then promised the plaintiff to give to him the same number of shares out of stock belonging to the defendant.

The theory of the plaintiff seems to be that the 312 shares of stock were from the stock to which the defendant was entitled, and were transferred directly from the corporation into the name of the plaintiff at the request of the defendant and as a shortcut from first transferring the stock to the name of the defendant and then surrendering the certificate and having the 312 shares transferred to the name of the plaintiff. But upon any theory, the difficulty with the plaintiff's case is that the plaintiff cannot succeed in an action in conversion unless he proves title in himself, and this he cannot do without showing not only that the stock was transferred to his name, but that a due delivery had been made of the certificate. If it is considered as corporate stock, it never had any legal inception and was never delivered, since it never left the hands of the corporate officers. If considered as stock transferred directly from stock personally belonging to the defendant, it also was never duly delivered, and hence in neither event could the plaintiff hold the defendant guilty in conversion. Even the testimony of the plaintiff shows that he was urging the delivery which the defendant was promising but not fulfilling. The most, if anything, that could be claimed of the defendant

---

* See Stock Corp. Law of 1909, § 55; now Stock Corp. Law of 1923, § 69.— [REP.

was that he had been guilty of a breach of contract. In *Brightson* v. *Claflin* (225 N. Y. 469), relied on by the respondent, it appears that title to the stock passed to the plaintiff, and that he gave his notes in payment, and that the stock was put up by the plaintiff as security for the payment of the notes.

In *Hussey* v. *Flanagan* (237 N. Y. 227), also particularly relied on by the respondent, it appears that the court construed the contracts as between the plaintiff and the defendant to mean that the defendant " was authorized to sell and convey certain interests and rights which belonged to the former and to receive therefor a certain specified portion of the purchase price as the agent and trustee of the plaintiff." This is a totally different state of facts from those in the case at bar where all that the defendant did was to promise to deliver a certificate for certain shares of stock and failed so to do.

It follows that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.